IN THE SUPREME COURT OF THE STATE OF DELAWARE

CHRISTOPHER R. DESMOND, § 
§ 
Defendant Below, § No. 195, 2017
Appellant, § 
§ Court Below—Superior Court
v. § of the State of Delaware
§ 
STATE OF DELAWARE, § Cr. ID No. 91009844DI (N)
§ 
Plaintiff Below, § 
Appellee. § 

Submitted: May 18, 2017
Decided: July 7, 2017

Before **STRINE**, Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

# **O R D E R**

This 7th day of July 2017, upon consideration of the notice to show cause and the appellant's response, it appears to the Court that:

(1) In November 1992, a Superior Court jury convicted Desmond of ten counts of Robbery in the First Degree as well as other related offenses. This Court affirmed the Superior Court's judgment on direct appeal.[1] Since that time, Desmond has filed a number of unsuccessful motions and petitions challenging his 1992 convictions in this Court, the Superior Court, and the United States District Court

---

[1] *Desmond v. State*, 654 A.2d 821 (Del. 1994).

for the District of Delaware.[2]  In February 2015, the Court directed the Clerk of the Court to refuse any filings from Desmond unless the filing was accompanied by the required filing fee or a completed motion to proceed *in forma pauperis* with a sworn affidavit containing the certifications required by 10 *Del. C.* § 8803(e) and that motion was granted by the Court.[3]

(2)    On May 9, 2017, Desmond filed a notice of appeal from a Superior Court order denying his motion to amend his motion to vacate under Superior Court Criminal Rule 61, his amended motion to recuse the Superior Court judge, and his motion to apply *State v. Bridgers*[4] and *State v. Owens*[5] to his motion to vacate.  The Senior Court Clerk issued a notice directing Desmond to explain the basis for his certifications, as required by this Court's February 11, 2015 order, that the claims he sought to raise had never been raised or disposed of before in any court and that he had no reason to believe the claims were foreclosed by controlling law.  The notice also directed Desmond to show cause why this appeal should not be dismissed.

(3)    In his response to the notice to show cause, Desmond acknowledges this is not the first time he has argued his robbery convictions are illegal under

---

[2] *See, e.g.*, *Desmond v. State*, 2014 WL 3809683, at *1-2 (Del. Aug. 1, 2014) (affirming Superior Court's denial of Desmond's tenth motion for postconviction relief and motion for correction of illegal sentence); *Desmond v. Snyder*, 1999 WL 33220036, at *21 (D. Del. Nov. 16, 1999) (dismissing Desmond's petition for writ of habeas corpus).

[3] *Desmond v. Biden*, 2015 WL 631582, at *3 (Del. Feb. 11, 2015).

[4] 988 A.2d 939 (Del. Super. Ct. 2007), *aff'd*, 2009 WL 824536 (Del. Mar. 30, 2009).

[5] 2010 WL 2892701 (Del. Super. Ct. July 16, 2010).

2

*Bridgers* and *Owens*. This Court has previously held that Desmond's attacks on his robbery convictions are barred under Superior Court Criminal Rule 61 and affirmed the denial of his motions to recuse the Superior Court judge.[6] Desmond's certification that the claims he sought to raise had never been raised or disposed of before in any court and that he had no reason to believe the claim was foreclosed by controlling law is false. Desmond's motion to proceed *in forma pauperis* is therefore denied and this appeal must be dismissed.

NOW, THEREFORE, IT IS ORDERED that this appeal is DISMISSED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice

---

[6] *See, e.g., Desmond v. State*, 2014 WL 3809683, at \*1 (Del. Aug. 1, 2014) (holding Rule 61 barred consideration of defendant's refined and restated claims that his robbery convictions were illegal); *State v. Desmond*, 2011 WL 91984, at \*13-14 (Del. Super. Ct. Jan. 5, 2011) (denying motion for recusal and seventh motion for postconviction relief), *aff'd*, 2011 WL 4553174 (Del. Oct. 3, 2011). *See also Desmond v. Phelps*, 2012 L 3518531, at \*2 (Del. Aug. 15, 2012) ("None of Desmond's filings…demonstrate that he has an indisputable right to have his first degree robbery convictions reconsidered, as there is nothing to indicate that *Owens* and *Bridgers* re-defined or re-interpreted the elements of a first degree robbery offense and made such re-interpretation retroactively applicable to cases on collateral review.").